IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO WILSON,

                        Plaintiff,

  v.                                                OPINION and ORDER

ALANA ACKER and LAURA SUKOWATY,                25-cv-102-jdp

                        Defendants.

---

      Plaintiff Orlando Wilson, proceeding without counsel, alleges that defendants have denied him necessary care for several medical problems. Wilson brings a medical care claim under the Eighth Amendment.

      Wilson proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Wilson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim because Wilson's allegations don't give defendants fair notice of his claim. But I will allow Wilson to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

      Wilson has several medical conditions, including diabetes, leg neuropathy and sciatic nerve pain, spinal stenosis, and asthma. Wilson has had at least two bypass surgeries, and part of his right leg has been amputated.

Wilson alleges several denials of medical care, but some of his allegations are made only general terms. Nurses who triage Wilson's health services requests are giving him the "runaround" to delay his medical care. Dkt. 1 at 4. Similarly, it's taking months for him to be seen for his medical problems, and defendant Acker has ignored numerous requests for help. Wilson alleges further that he's been denied necessary medications, including medication for extreme pain.

Some of Wilson's allegations are more specific. On November 26, 2024, a trip to cardiology was canceled because defendants failed to reorder soft restraints. Also, defendants haven't given Wilson necessary prosthetic devices and custom orthotics. In particular, Wilson and the physical therapist warned defendants that Wilson needed to see a specialist to order a new prosthetic leg because his is too long. *Id.* at 6. The disproportionate length of Wilson's right leg has harmed his hips and caused him severe pain and difficulty walking.

ANALYSIS

I begin the analysis with some general principles of pleading. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A prison official violates the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That means that defendants knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they actually drew that inference. *Id.* To be liable, a defendant must be personally involved in the denial of medical care. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Wilson's allegations have two primary problems. First, Wilson mostly fails to identify which defendant, if any, is responsible for the denials of medical care that he's asserting. Second, Wilson mostly omits the dates of the events on which he bases his claim. Wilson tries to attribute every action or omission in the complaint to each defendant by: (1) describing the denials of medical care at a high level of generality and then saying that the denials were caused by prison policies or customs that defendants implemented; and (2) alleging that defendants conspired to deprive him of medical care. These bare allegations don't support a medical care claim against either defendant. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."); *Ford v. Sessoms*, 727 F. App'x 875, 877 (7th Cir. 2018) (conclusory allegations don't plausibly suggest that a governmental policy or custom caused a constitutional violation); *Kadlec v. Ill. Bell Tel. Co.*, 407 F.2d 624, 627 (7th Cir. 1969) (conclusory allegations of conspiracy don't state a claim).

Wilson's more specific allegations also fail to state a claim. Wilson alleges that defendants failed to reorder his soft restraints, but this bare allegation doesn't plausibly suggest

that defendants thought that this failure would harm him. Wilson also alleges that he and the physical therapist gave defendants warnings that he needs a new prosthetic leg. But Wilson doesn't allege the approximate dates of any of these communications or provide even a date range. Wilson's specific allegations suggest a violation of his rights, but he should provide a bit more detail about these communications to ensure that defendants have fair notice of his claim.

I will allow Wilson to file an amended complaint that fixes the above pleading problems. In drafting his amended complaint, Wilson should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Wilson must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Wilson should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Wilson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Orlando Wilson's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until April 24, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered March 25, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge