IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO WILSON,

            Plaintiff,

v.

ALANA ACKER and LAURA SUKOWATY,

            Defendants.

OPINION and ORDER

25-cv-102-jdp

---

Plaintiff Orlando Wilson's amended complaint alleges that medical staff at Columbia Correctional Institution (CCI) denied him necessary medical care. Dkt. 9. I allowed Wilson to proceed on Eighth Amendment medical care claims for damages against defendants Alana Acker and Dr. Laura Sukowaty. Dkt. 10.

Defendants move for partial summary judgment under the Prison Litigation Reform Act (PLRA), contending that Wilson failed to exhaust administrative remedies on his claim against Sukowaty and in part on his claim against Acker. Dkt. 16. I will grant defendants' motion, dismiss Wilson's claim against Sukowaty, dismiss part of his claim against Acker, and remove Sukowaty as a defendant. As a result, Wilson is now proceeding on only an Eighth Amendment medical care claim for damages against Acker based on the allegation that she denied him a trip to the cardiologist.

BACKGROUND

I allowed Wilson to proceed on a medical care claim against Acker based on the allegation that Acker disregarded his complaints about back and arm pain, denied him a visit with an offsite cardiologist, and denied him treatment for "extreme pain" in November 2024,

December 2024, January 2025, and March 2025. *See* Dkt. 9 at 2; Dkt. 10 at 2. I also allowed Wilson to proceed on a medical care claim against Sukowaty based on the allegation that she ignored his complaints of worsening back and leg pain in December 2024, January 2025, and March 2025. Dkt. 10 at 3.

Wilson submitted three inmate complaints related to his claims in this case: (1) CCI-2024-16491; (2) CCI-2025-226; and (3) CCI-2025-2988. In the '16491 complaint, submitted on November 9, 2024, Wilson complained that health services unit (HSU) staff disregarded his complaints of pain in his left shoulder and arm following a flu shot. Dkt. 18-2 at 8–9. The institution complaint examiner recommended dismissing the complaint, finding that HSU staff had addressed Wilson's concerns. *Id.* at 5–6. The reviewing authority approved the recommendation. *Id.* at 4. There is no record in the Inmate Complaint Tracking System (ICTS) that Wilson appealed the dismissal of the '16491 complaint. *See* Dkt. 18 ¶¶ 4, 16, 19–20, 24–25; Dkt. 18-2 at 7.

In the '226 complaint, submitted on December 22, 2024, Wilson complained that he was denied a visit with an offsite cardiologist. Dkt. 18-4 at 10. The institution complaint examiner recommended denying the complaint, and the reviewing authority approved the recommendation. *Id.* at 2–3. Wilson appealed. *Id.* at 16. The corrections complaint examiner recommended dismissing the appeal, and the secretary approved the recommendation. *Id.* at 5–6.

In the '2988 complaint, submitted on February 27, 2025, Wilson complained that Acker denied him treatment for pain in his left shoulder and arm. *See* Dkt. 18-5 at 6, 8. The institution complaint examiner, Travis Plath, summarized the issue as a complaint about left shoulder pain. *Id.* at 2. Plath also wrote that Wilson was referred to an orthopedist, who ordered

2

an ultrasound, and that Wilson's future plan of care would be based on those results. *Id.* In addition, Plath summarized facts relating to a complaint from another prisoner about a hunger strike. *Id.* Ultimately, Plath recommended that the '2988 complaint be dismissed. *Id.* The reviewing authority, R. Weinmann, also summarized the issue as a complaint about left shoulder pain and approved the recommendation of dismissal. *Id.* at 3. There is no record in ICTS that Wilson appealed Weinmann's decision. *See id.* at 5; *see also* Dkt. 18 ¶¶ 4, 16, 19, 23, 24–25.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. A prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). The institution complaint examiner must give written notice to the prisoner within ten days that the complaint has been received. *Id.* § 310.10(4). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." *Id.* § 310.07(2). A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

If the complaint is not rejected, the institution complaint examiner recommends to the "reviewing authority that the complaint be affirmed or dismissed in whole or in part." *See id.* § 310.10(12). The reviewing authority then affirms the complaint, dismisses it in whole or in part, or returns it to the complaint examiner for further investigation. *See id.* § 310.11(1)–(2).

The prisoner may appeal the reviewing authority's decision within 14 days to the corrections complaint examiner. *See id.* § 310.12(1). If the corrections complaint examiner accepts an appeal, he must recommend that the reviewing authority's decision be affirmed or dismissed within 45 days after receiving the appeal, unless the corrections complaint examiner extends the time to make the recommendation with notice to the prisoner. *Id.* § 310.12(9). Upon good cause, the corrections complaint examiner may accept an appeal filed later than 14 days after the date of the reviewing authority's decision. *Id.* § 310.12(6).

The secretary must issue a decision within 45 days after receipt of the corrections complaint examiner's recommendation, unless the secretary extends the time to issue a decision with notice to the prisoner. *Id.* § 310.13(1). If the prisoner does not receive the secretary's

4

decision within 90 days after the secretary receives the appeal, the prisoner shall consider administrative remedies to be exhausted, unless the time has been extended under § 310.13(1). *Id.* § 310.13(4).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Wilson failed to exhaust administrative remedies on his claim against Sukowaty. Wilson did not complain in the '16491, '226, or '29888 complaints that Sukowaty or any other medical staff member ignored his complaints of worsening back and leg pain. Furthermore, there is no record in ICTS that Wilson filed an inmate complaint related to his claim against Sukowaty. *See* Dkt. 18 ¶¶ 4, 16, 24–25. Defendants' evidence shows that Wilson did not file an inmate complaint related to his claim against Sukowaty, as the DOC's administrative process requires.

Wilson appears to contend that he submitted an inmate complaint related to his claim against Sukowaty but that it was lost. *See* Dkt. 20 at 1. This contention does not create a genuine factual dispute for two reasons. First, Wilson did not support this contention with admissible evidence. The court instructed Wilson that he had to submit affidavits or exhibits to oppose a motion for summary judgment on exhaustion grounds. Dkt. 14 at 4; *see also Bell v. Reusch*, 326 F. App'x 391, 393 (7th Cir. 2009) (prisoner opposing motion for summary judgment on exhaustion grounds must submit evidence, which includes affidavits, to support his assertions). Wilson's brief in opposition is not signed under penalty of perjury and,

5

therefore, is not admissible evidence. *See* Dkt. 20 at 1, 5; *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (affirming district court's grant of summary judgment on exhaustion grounds, partly because "the conclusory arguments in [the prisoner's] brief opposing summary judgment were not supported by admissible evidence"); *DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 471 (7th Cir. 1990) (affidavit that isn't notarized or signed under penalty of perjury isn't admissible evidence); *Gonzales v. Brevard*, 531 F. Supp. 2d 1019, 1022 (W.D. Wis. 2008) ("[T]estimonial statements . . . must be set forth in an affidavit that is properly notarized or in which statements are declared to be true under penalty of perjury . . . ."). Wilson submits a sworn declaration, but its statements are irrelevant to the issue of exhaustion. *See* Dkt. 19.

Second, where, as here, "a state has a receipt mechanism for informing prisoners that it has received a grievance or appeal, a prisoner cannot overcome exhaustion by simply alleging that he filed a timely submission that was lost in transit." *Thompson v. Utter*, No. 23-cv-381-jdp, 2025 WL 306576, at *2 (W.D. Wis. Jan. 27, 2025). The institution complaint examiner must give written notice of receipt to the prisoner within ten days of the examiner receiving an inmate complaint, so any failure to receive a notice should have spurred Wilson to file another inmate complaint about the issue. *Id.* (citing Wis. Admin. Code DOC § 310.10(4)). Along similar lines, Wilson could have filed a new inmate complaint in which he raised the same issue as the complaint that he says was lost and asked the inmate complaint examiner to accept it for good cause. *See* Wis. Admin. Code DOC § 310.07(2); *Fitzpatrick v. Fruehbrodt*, 843 F. App'x 814, 815 (7th Cir. 2021). There is no evidence that Wilson took either step.

Wilson also appears to contend that he exhausted his claim against Sukowaty by notifying her or other prison staff of his medical issues in health service requests and similar

6

correspondence. *See* Dkt. 23 at 1. But informal efforts to resolve an issue don't excuse a prisoner from completing all the steps that the complaint process mandates. *See Truckey v. Nickel*, 436 F. App'x 665, 668 (7th Cir. 2011); *see also Koch*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025.

I turn to Wilson's medical care claim against Acker. Defendants concede that Wilson exhausted this claim against Acker based on the allegation that she denied him a cardiology visit. Dkt. 17 at 8 n.1. The issue, then, is whether Wilson exhausted his medical care claim against Acker based on allegations that she disregarded his complaints about back and arm pain and denied him treatment for extreme pain.

He did not. Defendants' evidence shows that Wilson failed to appeal the denials of the '16491 and '2988 complaints. As with his claim against Sukowaty, Wilson appears to contend that the appeals were lost. *See* Dkt. 20 at 1. But, again, Wilson hasn't submitted any relevant admissible evidence to support this contention.

Even if Wilson's appeals were lost, he should have known to follow up with the corrections complaint examiner. The corrections complaint examiner had to issue a recommendation within 45 days, and the secretary had to issue a decision within 90 days. *See* Wis. Admin. Code DOC §§ 310.12(9), 310.13(4). So, after 135 days at the most, Wilson should have known to inquire about the status of his appeal. Wilson could have, and should have, taken that step by filing a new appeal and asking the corrections complaint examiner to accept it for good cause. *See id.* § 310.12(6); *Koch*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025; *cf. Fitzpatrick*, 843 F. App'x 814, 815; *Thompson*, 2025 WL 306576, at *2. There is no evidence that Wilson took this step.

Wilson also appears to contend that he exhausted his claim against Acker by notifying her or other prison staff of his medical issues in health service requests and similar

7

correspondence. *See* Dkt. 23 at 1. This contention fails for the same reasons that it fails against Sukowaty. *See supra* pp. 6–7.

I will grant defendants' motion. As a result, I will dismiss without prejudice Wilson's medical care claim against Sukowaty. I will also dismiss without prejudice Wilson's medical care claim against Acker based on allegations that she disregarded his complaints about back and arm pain and denied him treatment for extreme pain in November 2024, December 2024, January 2025, and March 2025. Consequently, Wilson is now proceeding on only an Eighth Amendment medical care claim for damages against Acker based on the allegation that she denied him a trip to the cardiologist.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 17, is GRANTED. As a result:

   - Wilson's Eighth Amendment medical care claim against defendant Dr. Laura Sukowaty is DISMISSED without prejudice for failure to exhaust administrative remedies.

   - Wilson's Eighth Amendment medical care claim against defendant Alana Acker based on allegations that she disregarded his complaints about back and arm pain and denied him treatment for extreme pain is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Sukowaty is to be removed from the case.

Entered October 28, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge